**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF VIRGINIA**

**ALEXANDRIA DIVISION**

FILED
IN OPEN COURT

DEC 4 2024

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

<u>**UNDER SEAL**</u>

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:24-cr-247 |
| v. | 18 U.S.C. § 1343<br>Wire Fraud<br>(Counts 1-5) |
| LARRY TODD MORGAN, | |
| *Defendant.* | 18 U.S.C. § 666<br>Theft from an Organization Receiving<br>Federal Benefits<br>(Count 6) |
| | 18 U.S.C. § 1957<br>Unlawful Monetary Transaction<br>(Count 7) |
| | Forfeiture Notice |

<u>**INDICTMENT**</u>

December 2024 Term – Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

<u>**INTRODUCTORY ALLEGATIONS**</u>

At all times material to this Indictment:

1.      The United States Department of Commerce (the "Department") was a subdivision, specifically a department of the executive branch of government, within the meaning of 18 U.S.C. § 666(d)(3).

2.      The Department administered a federal program known as the Tribal Broadband Connectivity Program under the National Telecommunications and Information Administration ("NTIA").

1

3.      The Tribal Broadband Connectivity Program is a $3 billion federal program formed pursuant to the Infrastructure Law and the Consolidated Appropriations Act.  The Program's primary aim was to provide support to Tribal governments in bringing high-speed Internet to Tribal lands.

4.      Company A was an Alaska Native Corporation headquartered in Tongass, Alaska. Company A's contracting office and related personnel were located in Manassas, Virginia and later, Chantilly, Virginia, both locations within the Eastern District of Virginia.

5.      Company A sought an NTIA grant to, among other things, bring high-speed broadband and related computer software, services, and devices to Alaska Natives living in the villages of Saxman and Ketchikan who were hard hit by the COVID-19 pandemic.

6.      On or about July 26, 2022, the Department awarded Company A an $1.9 million grant through NTIA (the "NTIA Grant").  During each of the one-year periods beginning on January 1, 2022, January 1, 2023, and January 1, 2024, respectively, Company A received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

7.      From at least December 2021 to March 2024, the defendant LARRY TODD MORGAN was employed at Company A as its President of Strategy and Innovation.

8.      Company A selected MORGAN to administer and manage the NTIA Grant, rendering MORGAN an "agent" within the meaning of 18 U.S.C. § 666(d)(1).

9.      Only MORGAN and one other employee had authority to make purchases using NTIA Grant funds.

## COUNTS ONE through FIVE
Wire Fraud

10.     The allegations in paragraphs 1-9 are incorporated herein by reference as if set forth in full.

11.     From in or about October 2023, and continuing through in or about February 2024, in the Eastern District of Virginia and elsewhere, defendant

### LARRY TODD MORGAN

knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

### Purpose of the Scheme

12.     The purpose of the scheme and artifice to defraud was for MORGAN to unlawfully enrich himself by obtaining and misappropriating NTIA grant funds from Company A by making materially false and fraudulent representations, including by submitting false and fraudulent invoices to Company A for goods that were never purchased.

### Ways, Manner, and Means

13.     The ways, manner, and means by which MORGAN sought to accomplish the scheme operated in substance as follows:

a.      Between approximately October 2023 through approximately February 2024, MORGAN caused Company A to pay approximately $828,151 to his NFCU

Account in reliance on misrepresentations made by MORGAN about purported purchases with NTIA grant funds in email communications.

b.      In that time frame, MORGAN did not make any of the purchases he represented to Company A in his communications. MORGAN intentionally created false and fraudulent invoices from Amazon.com ("Amazon") purporting to reflect purchases for thousands of dollars' worth of NTIA Grant items.

c.      On October 31, 2023, MORGAN emailed Company A Accounting personnel one (1) expense report for three fraudulent Amazon invoices totaling $15,590.80. Under the "Reason for Expenditure" section of the expense report, MORGAN listed "NTIA Tribal Broadband Connectivity Project." The fraudulent Amazon invoices showed a Visa ending in −5857 purchased the items, and the billing address resolved to MORGAN's personal residence.

d.      On November 2, 2023, MORGAN emailed Company A Accounting personnel three (3) expense reports for three fraudulent Amazon invoices totaling $67,224.40.    Under the "Reason for Expenditure" section of the expense reports, MORGAN listed "NTIA Tribal Broadband Connectivity Project." The fraudulent Amazon invoices showed a Visa ending in −5857 purchased the items, and the billing address resolved to MORGAN's personal residence.

e.      Records from Amazon revealed that MORGAN made none of the purchases he claimed on the four expense reports above. Records from the Visa ending in −5857 showed that it was MORGAN's personal credit card ("MORGAN's Visa"). Records from MORGAN's Visa revealed that MORGAN made none of the purchases he claimed on his expense reports.

f.      In reliance on MORGAN's representations, and without knowledge of MORGAN's fraud, Company A approved the expense reports and sent $82,815.20 via ACH transaction to the NFCU Account on or about November 9, 2023.

g.      On November 17, 2023, MORGAN emailed Company A Accounting personnel one (1) expense report for three fraudulent Amazon invoices totaling $182,193.44. Under the "Reason for Expenditure" section of the expense report, MORGAN listed "NTIA Tribal Broadband Connectivity Project." The items purportedly were purchased with MORGAN's Visa, and the billing address resolved to MORGAN's personal residence.

h.      In reliance on MORGAN's representations, and without knowledge of MORGAN's fraud, Company A approved the expense report and sent $182,193.44 via ACH transaction to the NFCU Account on or about November 22, 2023.

i.      On December 11, 2023, MORGAN emailed Company A Accounting personnel one (1) expense report for three fraudulent Amazon invoices totaling $182,193.44. Under the "Reason for Expenditure" section of the expense report, MORGAN listed "NTIA Tribal Broadband Connectivity Project." The items purportedly were purchased with MORGAN's Visa, and the billing address resolved to MORGAN's personal residence.

j.      Records from Amazon revealed that MORGAN made none of the purchases he claimed on the expense report above. Records from MORGAN's Visa revealed that MORGAN made none of the purchases he claimed on the expense report above.

k.      In reliance on MORGAN's representations, and without knowledge of MORGAN's fraud, Company A approved the expense report and sent $182,193.44 via ACH transaction to the NFCU Account on or about December 14, 2023.

l.      On January 10, 2024, MORGAN emailed Company A Accounting personnel one (1) expense report for three fraudulent Amazon invoices totaling $182,193.44. Under the "Reason for Expenditure" section of the expense report, MORGAN listed "NTIA Tribal Broadband Connectivity Project." The items purportedly were purchased with MORGAN's Visa, and the billing address resolved to MORGAN's personal residence.

m.      In reliance on MORGAN's representations, and without knowledge of MORGAN's fraud, Company A approved the expense report and sent $182,193.44 via ACH transaction to the NFCU Account on or about January 11, 2024.

n.      On February 6, 2024, MORGAN emailed Company A Accounting personnel one (1) expense report for three fraudulent Amazon invoices totaling $198,756.48. Under the "Reason for Expenditure" section of the expense report, MORGAN listed "NTIA Tribal Broadband Connectivity Project." The items purportedly were purchased with MORGAN's Visa, and the billing address resolved to MORGAN's personal residence.

o.      In reliance on MORGAN's representations, and without knowledge of MORGAN's fraud, Company A approved the expense report and sent $198,756.48 via ACH transaction to the NFCU Account on or about February 15, 2024.

p.      In total, MORGAN drafted and submitted eight fraudulent expense reports, each of which were processed for payment with Company A approval, totaling an

approximate $828,152.00 in misappropriated funds through the scheme and artifice described above.

<b>Wirings in Furtherance of the Scheme</b>

14.    In the Eastern District of Virginia and elsewhere, on or about the dates specified below, for the purpose of executing, and in furtherance of, the above-described scheme, defendant

<b>LARRY TODD MORGAN</b>

knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce signs, signals, and writings, including those described below, each constituting a separate offense.

| Count | Date (on or about) | Interstate Wire Communication |
|-------|--------------------|-------------------------------|
| 1 | 11/09/2023 | Interstate ACH transfer of $82,815.20 initiated by Company A from its bank account to the NFCU Account in Virginia. |
| 2 | 11/22/2023 | Interstate ACH transfer of $182,193.44 initiated by Company A from its bank account to the NFCU Account in Virginia. |
| 3 | 12/14/2023 | Interstate ACH transfer of $182,193.44 initiated by Company A from its bank account to the NFCU Account in Virginia. |
| 4 | 1/11/2024 | Interstate ACH transfer of $182,193.44 initiated by Company A from its bank account to the NFCU Account in Virginia. |
| 5 | 2/15/2024 | Interstate ACH transfer of $198,756.47 initiated by Company A from its bank to the NFCU Account in Virginia. |

(In violation of Title 18, United States Code, Section 1343).

## COUNT SIX
Theft from an Organization Receiving Federal Benefits

THE GRAND JURY FURTHER CHARGES THAT:

15.    The allegations set forth in Paragraphs 1 through 14, and Counts 1 through 5, inclusive, of this Indictment are re-alleged and incorporated by reference as if set forth herein.

16.    During the one-year period beginning on January 1, 2023, Company A received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

17.    On or about December 14, 2023, in the Eastern District of Virginia and elsewhere,

**LARRY TODD MORGAN**

defendant herein, being an agent of Company A, did knowingly embezzle, steal, obtain by fraud, intentionally misapply property, and without authority knowingly convert to his own use, a person other than the rightful owner, as a part of a continuing course of conduct and scheme, property valued at $5,000 or more, that was under the care, custody, and control of Company A, that is, approximately $182,193.44.

(In violation of Title 18, United States Code, Section 666).

## COUNT SEVEN
Unlawful Monetary Transaction

THE GRAND JURY FURTHER CHARGES THAT:

18.    The allegations set forth in Paragraphs 1 through 17, and Counts 1 through 6, inclusive, of this Indictment are re-alleged and incorporated by reference as if set forth herein.

19.    On or about December 1, 2023, in the Eastern District of Virginia and elsewhere, defendant

**LARRY TODD MORGAN,**

knowingly engaged in, and attempted to engage in, a monetary transaction by, through, and to a financial institution in criminally derived property of a value greater than $10,000, in and affecting interstate or foreign commerce, to wit, one wire transfer of $100,000.00 from the NFCU Account to his savings account, and such property involved having been derived from specified unlawful activity, that is the proceeds of the wire fraud scheme, in violation of Title 18, United Stated Code, Section 1343, alleged in Counts 1 through 5 of this Indictment

(All in violation of Title 18, United States Code, Sections 1957).

## <u>FORFEITURE NOTICE</u>

THE GRAND JURY FUTHER FINDS PROBABLE CAUSE THAT:

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant is hereby notified that if convicted of the offenses charged in Counts One through Six of this Indictment, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(C), he shall forfeit to the United States any property, real or personal, which constitutes or is derived from any proceeds traceable to the offense.

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant is further notified that, if convicted of an offense alleged in Count Seven of this Indictment, the defendant shall forfeit to the forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the violation, or any property traceable to such property.

The property subject to forfeiture includes, but is not limited to, the following:

    a.  A monetary judgment in the amount of at least $828,151.96, which represents the amount the defendant obtained from the scheme to defraud;

b.  2020 John Deere 2025R Compact Utility Tractor with VIN # 1LV2025RAMM133317;

c.  2020 Frontier GM1072E with VIN # 1XFGM10ECM0379622;

d.  2023 Suzuki ATV Off Road with VIN # 5SADW11H9P7101875;

e.  2024 John Deere Gator XUV835R with VIN # 1M0835RALRM070938;

f.  2024 Audi S4 with VIN # WAUC4BF46RA034682;

g.  2023 John Deere Z970R with VIN # 1TC970RDHPR130210;

h.  Funds held in Navy Federal Credit Union Checking Account # 7118131536 in the name of Larry Todd Morgan;

i.  Funds held in Navy Federal Credit Union Savings Account # 2275816102 in the name of Larry Todd Morgan;

j.  2025 GMC Hummer EV with VIN # 1GKB0RDC2SU105074;

k.  Funds held in Customers Bank Account # 64006800 in the name of Larry Todd Morgan held by Raisin;

l.  Funds held in Western Alliance Bank Account # 22143932 in the name of Larry Todd Morgan held by Raisin;

m.  Funds held in FVC Bank Account # 30007148 in the name of Larry Todd Morgan held by Raisin;

n.  Funds held in American First Credit Union Account # 16003870 in the name of Larry Todd Morgan held by Raisin;

o.  Funds held in Hanover Bank Account # 29006091 in the name of Larry Todd Morgan held by Raisin; and

p.  Funds held in First International Bank and Trust Account # 81103306 in the name of Larry Todd Morgan held by Raisin.

If any property that is subject to forfeiture above, as a result of any act or omission of Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property

that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture

of any other property of Defendant, as subject to forfeiture under Title 21, United States Code,

Section 853(p).

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1);  Title 28, United States Code, Section 2461; Title 21, United States Code, Section 853(p); and Federal Rule of Criminal Procedure 32.2).

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

_____
FOREPERSON

Jessica D. Aber
United States Attorney

By: _____
Kenneth R. Simon, Jr.
Assistant United States Attorney